```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE
```

John LiCausi

    v.                                           Civil No. 16-cv-279-JD
                                                   Opinion No. 2018 DNH 172

United States of America

O R D E R

In May of 1997, John LiCausi was convicted on sixteen counts, which charged, among other things, use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). He was sentenced to 1,042 months in prison, which included enhanced sentences as a career offender. LiCausi seeks relief from his sentence, pursuant to 28 U.S.C. § 2255, on the grounds that he is not a career offender based on United States v. Johnson, 135 S. Ct. 2551 (2015), and that his four convictions under § 924(c) must be vacated and dismissed based on Johnson and Sessions v. Dimaya, 138 S. Ct. 1204 (2018).

In response, the government agrees that LiCausi is not a career offender and that his sentence based on career offender status should be adjusted accordingly. The government also agrees that § 924(c)(3)(A) requires a categorial approach and does not argue that LiCausi's conviction may be upheld under §

924(c)(3)(A).[1]  Instead, the government focuses on § 924(c)(3)(B) and argues that LiCausi's four convictions under § 924(c) are valid, despite Dimaya, because § 924(c)(3)(B) can be interpreted not to require the "categorical approach" and instead can be applied based on a defendant's actual conduct.[2]

## Discussion

As the issues in the case have been addressed and narrowed, a single legal question remains: whether § 924(c)(3)(B) is unconstitutional under the analyses and holdings in Johnson and Dimaya.  If so, LiCausi's four convictions under § 924(c)(3) must be vacated.  If not, there may be other questions to resolve with respect to the validity of LiCausi's convictions.

Section 924(c) provides penalties for crimes of violence and drug trafficking.  Section 924(c)(3)(B) defines "crime of violence" as "an offense that is a felony and -- that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of

---

[1] LiCausi argued at length that he could not be convicted under the force clause, § 924(c)(3)(A), because his Hobbs Act offenses were not crimes of violence.  Doc. No. 10 at 18 to 24.  The government does not dispute that argument.

[2] The government acknowledges, however, that the case was tried and the jury was charged under the categorical approach but contends that the instructional error is a different claim than the one LiCausi raises here.

committing the offense."  Until recently, courts have upheld the constitutionality of § 924(c)(3)(B), despite the holding in Johnson.  See United States v. Rossetti, 2018 WL 3748161, at *2 (D. Mass. Aug. 7, 2018); O'Halloran v. United States, 2018 WL 3653166, at *2 (D.N.H. July 31, 2018).

In April of this year, the Supreme Court decided that 18 U.S.C. § 16(b), which defines "crime of violence" for purposes of the Immigration and Nationality Act, was unconstitutionally vague under a "straightforward application" of Johnson.  Dimaya, 138 S. Ct. at 1213-16.  The Court applied the rule established in Johnson that a statute is unconstitutionally vague if it both requires a judicial assessment of the risk based on an ordinary case, the categorical approach, and the level of risk necessary to be a violent felony was not clear.  Id. at 1214.  The Court concluded that a categorical approach was required to apply the definition of a crime of violence in § 16(b) and that the statute left uncertainty as to the "threshold level of risk.".[3]

---

[3] The categorial approach for determining whether a crime qualifies as a crime of violence requires the court to "compare the statutory elements of the crime," without considering the specific facts or conduct involved in committing the crime, with the statute's "definition of the type of crime that may serve as a predicate offense."  United States v. Fields, 823 F.3d 20, 33 (1st Cir. 2016) (internal quotation marks omitted); see also Dimaya, 138 S. Ct. at 1211 (categorical approach "turns on the 'nature of the offense' generally speaking" and "requires a court to ask whether the ordinary case of an offense poses the requisite risk") (internal quotation marks omitted).

Id. Other courts have subsequently concluded that the analysis in Dimaya applies to § 924(c)(3)(B), rendering that statute unconstitutionally vague.[4] See United States v. Eshetu, --- F.3d ---, 2018 WL 3673907, at *1-*2 (D.C. Cir. Aug. 3, 2018); United States v. Salas, 889 F.3d 681, 686 (10th Cir. 2018); United States v. Tinh Huy Nguyen, 2018 WL 3972271, at *9-*16 (N.D. Cal. Aug. 20, 2018); Rosetti, 2018 WL 3748161, at *3.

The government acknowledges the effect of Dimaya but argues that to avoid an unnecessary constitutional issue, § 924(c)(3)(B) can be interpreted not to require a categorical approach and instead to allow a specific conduct approach for determining whether a charged crime is a crime of violence. The same argument has been presented in other courts with very limited success.[5] Compare, e.g., Eshetu, 2018 WL 3673907, at *2; Rosetti, 2018 WL 3748161, at *3; and Tinh Huy Nguyen, 2018 WL

---

[4] Before the Dimaya decision, the First Circuit noted that the validity of § 924(c)(3)(B) was unsettled in the circuits and did not decide the question. United States v. Ponzo, 853 F.3d 558, 585 (1st Cir. 2017). To date, the First Circuit has not addressed the impact of Dimaya on the application of § 924(c)(3)(B).

[5] The First Circuit has not decided whether the categorial approach is required in applying § 924(c)(3)(B). In prosecuting cases under § 924(c)(3)(B), the government has previously advocated that the categorical approach was required, and the district courts also have assumed that to be true. See Rosetti, 2018 WL 3748161, at *2.

4

3972271, at *10; with Royer v. United States, --- F. Supp. 3d ---, 2018 WL 3676905, at *14 (E.D. Va. Aug. 2, 2018).

In Dimaya, the Court stated that § 16(b) "calls for a court to identify a crime's 'ordinary case' in order to measure the crime's risk." 138 S. Ct. at 1215. The Court noted that "[t]he Government explicitly acknowledges that point here." Id. While Justice Thomas advocated in his dissent that § 16(b) could be construed not to require a categorical approach, that position was rejected by a plurality of the Court. Id. at 2017. Specifically, the Court stated that § 16(b) "demands a categorical approach." Id. at 1217; accord Eshetu, 2018 WL 3673907, at *2.

The government urges this court to avoid a constitutional issue by interpreting § 924(c)(B)(3) to allow a conduct specific approach for deciding whether a charged offense is a crime of violence. Courts are required to construe statutes to avoid constitutional issues "where an alternative interpretation of the statute is 'fairly possible.'" INS v. St. Cyr, 533 U.S. 289, 300 (2001). In Dimaya, the Supreme Court noted that allowing a conduct specific approach would not avoid a constitutional issue for purposes of § 16(b) but instead would present different Sixth Amendment problems. 138 S. Ct. at 1217-18. Even if the Sixth Amendment issues would not apply in the

5

context of § 924(c)(3)(B), see Royer, 2018 WL 3676905, at *14, so that the constitutional avoidance canon would apply, the court concludes that an alternative interpretation of § 924(c)(3)(B), to allow a conduct specific approach, is not fairly possible.

The wording of § 16(b) and § 924(c)(3)(B) is "materially identical."[6] Eshetu, 2018 WL 3673907, at *1; United States v. Williams, 897 F.3d 660, 661 (5th Cir. 2018); Salas, 889 F.3d at 686; Tinh Huy Nguyen, 2018 WL 3972271 at *9; Rossetti, 2018 WL 3748161, at *2; United States v. Pomerleau, 2016 WL 6471202, at *2 (D. Me. Nov. 1, 2016). As is noted above, the Supreme Court concluded, albeit arguably in dicta, that § 16(b) demands the categorical approach. While perhaps not binding, that interpretation is highly persuasive.

The Eastern District of Virginia is the only court to have found a fairly possible interpretation of § 924(c)(3)(B) that

---

[6] "The term 'crime of violence' means--any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16.

"[T]the term 'crime of violence' means an offense that is a felony and-- that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924.

6

would allow the specific conduct approach.  Royer, 2018 WL 3676905, at *13-*14.  The analysis in that case focuses on whether "offense" may refer to the specific conduct of the charged crime while minimizing the effect of the phrase "by its nature."  Id.  The court also emphasizes the lack of Sixth Amendment concerns, citing Justice Thomas's dissent in Dimaya.  Id.

That interpretation, however, is contrary to the interpretation of § 16(b) in Dimaya and the great weight of authority interpreting § 924(c)(3)(B).  Rossetti, 2018 WL 3748161, at *3.  As such, Royer does not provide a persuasive ground to interpret § 924(c)(3)(B) in a contrary manner.  Instead, "the best (and only plausible) reading of the Supreme Court's decision in Dimaya is one that requires application of the categorical approach to § 924(c)'s residual clause [§ 924(c)(3)(B)]."  Rossetti, 2018 WL 3748161, at *3.

As a result, § 924(c)(3)(B) is unconstitutionally vague.  LiCausi's four convictions under § 924(c) cannot stand.  The parties also agree that LiCausi is not a career offender and that his sentence must be adjusted accordingly.

## Conclusion

For the foregoing reasons, LiCausi's amended habeas corpus petition (document no. 10) is granted.  The convictions on

7

Counts 12, 15, 19, and 22 are vacated and dismissed. The career offender sentences on other counts are also vacated.

A hearing will be scheduled for resentencing.

SO ORDERED.

                                              /s/ Joseph A. DiClerico, Jr.
                                              Joseph A. DiClerico, Jr.
                                              United States District Judge

August 23, 2018

cc: Seth R. Aframe, Esq.
     Bjorn R. Lange, Esq.